JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
MADELINE LEI MOMI GOOSSEN (Bar. No. 357733)
*mgoossen@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567)

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
*gcordrey@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:  (949) 623-7200
Facsimile:   (949) 623-7202

*Attorneys for Plaintiff INFINITY X1 LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY X1 LLC, a Nevada limited liability company,<br><br>             Plaintiff,<br><br>       v.<br><br>COAST CUTLERY CO. dba COAST PRODUCTS, an Oregon corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL FALSE ADVERTISING, 15 U.S.C. § 1125(a)(1)(B);**<br><br>**(2) INFRINGEMENT OF U.S. PATENT NO. 11,852,311;**<br><br>**(3) INFRINGEMENT OF U.S. PATENT NO. 12,203,618;**<br><br>**(4) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**<br><br>**DEMAND FOR TRIAL BY JURY** |

73265394

1    Plaintiff, Infinity X1 LLC ("Infinity" or "Plaintiff"), files this complaint
2 against defendant Coast Cutlery Co. dba Coast Products ("Coast") and Does 1-10,
3 inclusive (collectively "Defendants").

## THE PARTIES

1.   Plaintiff is, and at all times relevant hereto was, a limited liability company duly organized and existing under the laws of the state of Nevada, with a place of business at 9170 West Russell Road, 100, Las Vegas, Nevada 89168.

2.   Plaintiff is informed and believes and, based thereon, alleges that defendant Coast is an Oregon corporation, with offices at 8033 NE Holman Street, Portland, Oregon 97218.

3.   Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. With defendant Coast, Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

4.   Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant, including the fictitiously named Defendants, directed, aided, and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and, based thereon, alleges that, at all relevant times, to the extent that

73265394

2

the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

## JURISDICTION AND VENUE

5. This is and action for false advertising and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125, patent infringement under the patent laws of the United States, 35 U.S.C. §271, and unfair competition pursuant to California Business and Professions Code Section 17200, *et seq.*

6. This Court has subject matter jurisdiction over the Lanham Act and patent claims in this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 because the claims are so related to Plaintiff's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

7. This Court has personal jurisdiction over the Defendants because each of them has committed and continues to commit acts of infringement and false advertising in violation of 15 U.S.C. § 1125 and 35 U.S.C. § 271, and placed Infringing Devices into the stream of commerce, with knowledge or understanding that such products are sold in the State of California, including in this judicial district. The acts of Defendants cause injury to Plaintiff within this judicial district. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within the State of California, including this judicial district, expect their actions to have consequences within this district, and derive substantial revenue from interstate and international commerce.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Plaintiff is informed and believes and, based thereon, alleges, that a substantial part of the events and/or omissions giving rise to the claims against Defendants

occurred in this District. Further, on information and belief, an appreciable portion of Defendants' customers reside in Los Angeles. In addition, venue is proper because Plaintiff does business is in this judicial district and suffered harm in this judicial district.

## GENERAL ALLEGATIONS

### Plaintiff's Products and Patents

9. Plaintiff is in the business of designing, developing, manufacturing, and selling high-quality, innovative headlamp and flashlight products. Plaintiff invests considerable, time, effort, and resources in developing and protecting its intellectual property.

10. Plaintiff offers one or more headlamp products with multiple light sources and multiple lighting modes. One or more of Plaintiff's multi-light, multi-mode headlamp products include a spot light mode (providing a focused point of light directly in front of the headlamp), a flood light mode (providing a diffuse beam of light illuminating the area in front of the headlamp), and a wide angle mode (using lights on the side of the head lamp to illuminate areas in a user's peripheral field of vision), as well as a red light mode (providing a beam of red light directly in front of the head lamp).

11. Each of the modes on Plaintiff's multi-light, multi-mode headlamp products may be engaged individually. And, one or more of Plaintiff's headlamp products allow multiple modes to be engaged simultaneously. For example, among other things, wide angle mode may be combined with either or both of spot light and flood light modes.

12. Among other things, Plaintiff sold one or more of the headlamp products, including the one described above, to and through Costco stores.

13. On December 26, 2023, the United States Patent and Trademark Office ("USPTO") issued United States Patent Number 11852311, entitled "Broad View

Headlamp" (hereinafter the "311 Patent"), a true and correct copy of which is attached hereto as Exhibit A.

14. Plaintiff is the owner of the 311 Patent. The 311 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the 311 Patent are novel and non-obvious.

15. The 311 Patent pertains to a headlamp with multiple light sources and lighting modes.

16. On January 21, 2025, the USPTO issued United States Patent Number 12203618, entitled "Broad View Headlamp" (hereinafter the "618 Patent"), a true and correct copy of which is attached hereto as Exhibit B.

17. Plaintiff is the owner of the 618 Patent. The 618 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the 618 Patent are novel and non-obvious.

18. The 618 Patent pertains to a headlamp with multiple light sources and lighting modes.

Defendants' Infringing Conduct & False Advertising

19. Like Plaintiff, Coast is in the business of designing and manufacturing headlamps and flashlight products. Indeed, Plaintiff and Coast are direct competitors in the headlamp and flashlight industry.

20. Coast manufactures and sells one or more products infringing the 311 Patent and the 618 Patent. Specifically, Coast manufactures and sells the Coast CH1000R Rechargeable Headlamp (Itm./Art. No. 1806407).

21. Defendants offer one or more headlamp products with multiple light sources and multiple lighting modes. One or more of Defendants' multi-light, multi-mode headlamp products include a spot light mode (providing a focused point of light directly in front of the headlamp), a flood light mode (providing a diffuse beam of light illuminating the area in front of the headlamp), a wide angle mode (using

73265394

5

lights on the side of the head lamp to illuminate the areas in a user's peripheral field of vision), as well as a red light mode (providing a beam of red light directly in front of the head lamp).

22. Defendants offer at least one such product, the Coast CH1000R Rechargeable Headlamp, for sale to and through Costco.

23. The packaging for the Coast CH1000R suggests that the product's flood, spot, and peripheral modes may be engaged simultaneously. Specifically, the packaging, shown below, includes drawings of light being emitted from the wide angle, spot, and flood light sources of the headlamp simultaneously.



24. A similar drawing is utilized in the product manual for the Coast CH1000R headlamp, shown below. Again, the image shows the wide angle spot, and flood light sources simultaneously.



25. Based on the images on the product packaging, consumers are likely to believe that the wide angle light source can be engaged simultaneously with the spot

73265394

6

and/or flood lights. This functionality – simultaneously engaging both the wide angle and spot and/or flood lights – is available on Plaintiff's headlamp products, including those sold at Costco. This functionality is desirable as it provides for more light over a broader field.

26. Unlike on Plaintiff's headlamp products, however, this functionality is not available on the Coast CH1000R headlamp. In other words, it is not possible to engage the wide angle light, simultaneously with the spot and/or flood light sources on the Coast CH1000R headlamp. To the contrary, on the Coast CH1000R, engaging the wide angle light disengages the spot and flood lights. And, engaging the spot or flood light disengages the wide angle light.

## FIRST CLAIM FOR RELIEF
### False Advertising
(15 U.S.C. § 1125(a)(1)(B))

27. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

28. Including as described above and below, Defendants have used, and continue to use, in interstate commerce, symbols, false or misleading descriptions of facts, and/or false or misleading representations of facts ("false statements"), in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of their goods. Defendants' false and materially misleading statements and omissions have actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to be injured as a proximate result of Defendants' false statements.

29. As described above, drawings on the packaging for at least Defendants CH1000R Headlamp product are likely to cause consumers to mistakenly believe that the product possesses desirable functions that it does not possess – namely, the

functionality of engaging the wide angle lights and spot and/or flood lights simultaneously. Use of these drawings constitutes a representation or description of fact. Product packaging constitutes commercial advertising or promotion.

30. The drawing on the CH1000R Headlamp product packaging misrepresents the quality and characteristics of the product packaged therein, at least in that it represents that the wide angle lights and spot and/or flood lights may be engaged simultaneously when, in fact, they cannot.

31. This misrepresentation is material as available lighting sources and modes are material to purchasing decisions regarding headlamps.

32. Defendants' conduct damages Plaintiff. Both Plaintiff and Defendant sell headlamps to and/or through Costco. Plaintiff's headlamp actually has the functionality of allowing users to simultaneously engage the wide angle and spot and/or flood lights. Defendants' packaging represents that its product has that functionality – but it does not. Consumers may decide to purchase Defendants' products rather than Plaintiff's product, believing Defendants' product to possess this functionality.

33. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

34. One or more Defendants are also secondarily liable in that they have intentionally induced others, including other Defendants and the customers of each Defendants, to engage in this wrongful conduct; and/or they have continued to provide others with goods or services, with knowledge of the direct infringers' wrongful conduct.

35. One or more Defendants are also vicariously liable for the wrongful conduct alleged herein, in that Defendants have an apparent or actual partnership, among and between themselves and/or with other actors, have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the wrongful conduct described herein and the associated goods and/or services.

36. Defendants have made the false statements above with full knowledge of their falsity. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

38. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future wrongful conduct by Defendants. Unless such an injunction issues, Defendants false advertising and other conduct described herein will continue to cause confusion, mistake, or to deceive the public.

39. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages and lost profits caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

40. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and willful, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

41. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all packaging and product manuals, bearing any misleading or false descriptions or representations of fact.

42. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

Patent Infringement of the 311 Patent

(35 U.S.C. §§ 101, et *seq.*)

43. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

44. At all times herein mentioned the 311 Patent was and is valid and fully enforceable.

45. Defendants are offering one or more headlamp products that infringe at least claims 1, 6, and 7 of the 311 Patent, including at least the Coast CH1000R Headlamp (the "Infringing Device").

46. Defendants' Infringing Device is a headlamp. As shown in the image below, Defendants Infringing Device includes a plurality of light sources comprising (1) a first light source including a first light emitting diode, a first lens, and a first reflector to illuminate a first view area in a first fixed direction from the headlamp and (2) a second light source including a second light emitting diode, a second lens, and a second reflector to illuminate a second view area in a second fixed direction from the headlamp.



47. As shown in the image below, Defendants' Infringing Device includes a lighting control module configured to selectively activate the plurality of light sources according to a plurality of lighting modes.

48. Defendants' Infringing Device includes a lighting mode that activates the first light source and the second light source to illuminate the first view area and the second view area to create a total combined view area that is wider than either the first view area or the second view area alone.

49. Defendants' Infringing Device has a first light source that is a first peripheral light source that is configured to illuminate the first user view area to a first peripheral side of the headlamp and a second light source that is a second peripheral light source that is configured to illuminate the second user view area to a second peripheral side of the headlamp.

50. Defendants Infringing Device includes a lighting mode that is a periphery-only lighting mode that illuminates only the first peripheral side and second peripheral side.

51. On information and belief, Defendants have knowingly and actively induced the infringement of one or more of the 311 Patent claims by, *inter alia*, marketing, promoting, and offering for use the Infringing Device, knowingly and intending that the use of the Infringing Device by Defendants' customers and by users infringes the 311 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Device knowing that its purchase and use infringes one or more claims of the 311 Patent.

52. On information and belief, Defendants have contributed to the infringement of the 311 Patent by their customers and users of the Infringing Device by, *inter alia*, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the 311 Patent. The Infringing Device is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants

to be especially made or especially adapted to the infringe the 311 Patent. As a result, Defendants' Infringing Device has been used by its customers and by users to infringe the 311 Patent.

53. Defendants infringe literally or under the doctrine of equivalents, or both.

54. At no time has Plaintiff granted Defendants authorization, license, or permission to utilize the inventions claimed in the 311 Patent.

55. Plaintiff has been damaged by Defendants' acts of infringement of the 311 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

56. Plaintiff is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages including, without limitation: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Device becomes entrenched with retail sellers and consumers, (2) negative effect on its reputation as innovator and pioneer, (3) the unquantifiable effect on lost sales of related products, (4) price erosion, and (5) diversion of resources to defend against loss of market share caused by sales of the Infringing Device.

57. On information and belief, Defendants knew of the 311 Patent, or should have known, and despite such knowledge Defendants continued selling the Infringing Device and thereby intentionally and willfully infringed the 311 Patent warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

Patent Infringement of the 618 Patent

(35 U.S.C. §§ 101, et *seq.*)

58. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

59. At all times herein mentioned the 618 Patent was and is valid and fully enforceable.

60. Defendants are offering one or more headlamp products that infringe at least claims 11, 12, and 13 of the 618 Patent, including at least the Infringing Device.

61. Defendants' Infringing Device is a headlamp. As shown in the image below, Defendants Infringing Device includes a first light source to illuminate a first view area in a first fixed direction from the headlamp and a second light source to illuminate a second view area in a second fixed direction from the headlamp.



62. As shown in the image below, Defendants' Infringing Device includes a lighting control module configured to selectively activate the plurality of light sources according to a plurality of lighting modes.

63. Defendants' Infringing Device includes a lighting mode that activates the first light source and the second light source to illuminate the first view area and

the second view area to create a total combined view area that is wider than either the first view area or the second view area alone.

64. As shown in the image below, Defendants' Infringing Device includes two forward-directed light sources. Available lighting modes on the Infringing Device include a focused lighting mode that creates a spot beam from one of the forward-directed light sources (as shown below to the left) and a broad-beamed lighting mode that creates a flood beam from another forward-directed light source (as shown below to the right).



65. The Infringing Device includes a night vision light source configured to emit a red light and one of the available lighting modes is a night vision mode that activates the night vision light source.

66. On information and belief, Defendants have knowingly and actively induced the infringement of one or more of the 618 Patent claims by, *inter alia*, marketing, promoting, and offering for use the Infringing Device, knowingly and intending that the use of the Infringing Device by Defendants' customers and by users infringes the 618 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Device knowing that its purchase and use infringes one or more claims of the 618 Patent.

67. On information and belief, Defendants have contributed to the infringement of the 618 Patent by their customers and users of the Infringing Device by, *inter alia*, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the 618 Patent. The Infringing Device is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 618 Patent. As a result, Defendants' Infringing Device has been used by its customers and by users to infringe the 618 Patent. Defendants continue to engage in acts of contributory infringement of the 618 Patent.

68. Defendants infringe literally or under the doctrine of equivalents, or both.

69. At no time has Plaintiff granted Defendants authorization, license, or permission to utilize the inventions claimed in the 618 Patent.

70. Plaintiff has been damaged by Defendants' acts of infringement of the 311 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

71. Plaintiff is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages including, without limitation: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Device becomes entrenched with retail sellers and consumers, (2) negative effect on its reputation as innovator and pioneer, (3) the unquantifiable effect on lost sales of related products, (4) price erosion, and (5) diversion of resources to defend against loss of market share caused by sales of the Infringing Device.

72. On information and belief, Defendants knew of the 618 Patent, or should have known, and despite such knowledge Defendants continued selling the Infringing Device and thereby intentionally and willfully infringed the 618 Patent warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTH CLAIM FOR RELIEF

### State Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

73. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

74. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq.*, by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of federal patent law and state and federal unfair competition law.

75. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

76. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policies.

77. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For an order finding that Defendants have engaged in false advertising in violation of 15 U.S.C. § 1125(a).

B. For an order finding that that the 311 and 618 Patent are valid and enforceable.

C. For an order finding that Defendants have infringed the 311 and 618 Patents, directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271.

D. For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

E. For a temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

    1. using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods that misrepresents the nature, characteristics, or qualities of Defendants' goods and/or services or other commercial activities;

    2. infringing the 311 Patent or 618 Patent, contributorily and/or by inducement; or

    3. engaging in any other unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or its patents.

F. For an order directing Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report

1 setting forth the manner and form in which Defendants have complied with the
2 injunction.

3     G.    For an order directing Defendants to recall all Infringing Device and
4 any other materials sold, distributed, advertised, or marketing which infringing the
5 311 or 618 Patents.

6     H.    For an order finding that Defendants' conduct alleged herein was
7 willful and intentional and in conscious disregard of Plaintiff's rights.

8     I.    For an order awarding Plaintiff general and/or specific damages, in an
9 amount to be fixed by the Court in accordance with proof, including, compensatory
10 damages in an amount to be proven at trial, disgorgement of profits or gains of any
11 kind made by Defendants from their infringing acts, lost profits and/or reasonable
12 royalty, in amounts to be fixed by the Court in accordance with proof, as well as
13 general, statutory, enhanced, exemplary, treble, and/or punitive damages, as
14 appropriate.

15     J.    For an order awarding all of Defendants' profits traceable to
16 Defendants' conduct.

17     K.    For an order trebling any damage or profits established pursuant to 15
18 U.S.C. § 1117(a).

19     L.    For an order awarding Plaintiff restitution of all amounts obtained by
20 Defendants by means of their wrongful acts described herein.

21     M.    For an order for the destruction of all materials including any false or
22 misleading advertising.

23     N.    For an order finding that this is an exceptional case, and awarding
24 Plaintiff its costs and attorneys' fees incurred in prosecuting this action pursuant to
25 15 U.S.C. § 1117(a).

O. And, for an order awarding such other or further relief as the Court deems just and proper.

DATED: May 20, 2025

JEFFER MANGELS BUTLER & MITCHELL LLP

By: */s/ jessica bromall sparkman*
ROD S. BERMAN
JESSICA BROMALL SPARKMAN
*Attorneys for Plaintiff INFINITY X1 LLC*

73265394

19

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: May 20, 2025         JEFFER MANGELS BUTLER & MITCHELL LLP


By: */s/ jessica bromall sparkman*
    JESSICA BROMALL SPARKMAN
    *Attorneys for Plaintiff INFINITY X1 LLC*

73265394

20